**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Unit 2B
South Pasadena, CA 91030
(626) 808-4357

Attorneys for Plaintiff:
JAMES MCMANUS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JAMES MCMANUS, individually and as a representative of a class of participants and beneficiaries on behalf of The Clorox Company 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY; THE EMPLOYEE BENEFITS COMMITTEE OF THE CLOROX COMPANY 401(K) PLAN; and DOES 1 to 10 inclusive,<br><br>Defendants. | CASE NO. 4:23-cv-05325-YGR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

1.     The Employee Retirement Income Security Act ("ERISA") requires a fiduciary to act "solely in the interest of participants" and to do so with "the care, skill, prudence, and diligence" of a prudent person. 29 U.S.C. § 1104(a)(1).

2.     These statutory commands are violated where, as here, the employer (1) is both the plan sponsor and plan administrator, (2) is faced with a conflict of interest in choosing between allocating plan assets toward offsetting its own contributions to the plan or defraying plan expenses that would otherwise be borne by plan participants, (3) fails to conduct any investigation as to which choice would be in the best interest of the participants, and (4) decides to allocate the plan assets toward reducing its own plan contributions because that choice best serves its own self interests.

3.     Plaintiff JAMES MCMANUS ("Plaintiff"), a participant in the Clorox Company 401(k) Plan ("Plan" or "Clorox Plan"), brings this action on behalf of the Plan under 29 U.S.C. §§ 1132(a)(2) and (a)(3), and under Rule 23 of the Federal Rules of Civil Procedure as a representative of a class of participants and beneficiaries of the Plan, against Defendants THE CLOROX COMPANY ("Clorox" or the "Company") and THE EMPLOYEE BENEFITS COMMITTEE OF THE CLOROX COMPANY 401(K) PLAN (the "Committee") for breaching their fiduciary duties in violation of ERISA.

## JURISDICTION AND VENUE

4.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action under 29 U.S.C. §§ 1132(a)(2) and (3) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

5.     This district is the proper venue for this action under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.
///

**PARTIES**

6. The Clorox Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

7. Defendant Clorox is a manufacturer of consumer cleaning and home care products headquartered in Oakland, California.

8. Clorox is both the Plan sponsor under 29 U.S.C. § 1002(16)(B) and the Plan administrator under 29 U.S.C. § 1002(16)(A) with broad authority over the administration and management of the Plan.

9. The Committee was created by Clorox to assist in the management of the Plan and was delegated with discretionary authority to administer and interpret the Plan.

10. Clorox and the Committee (together "Defendants") are both named fiduciaries of the Plan and each exercised discretionary authority and discretionary control over the management and administration of the Plan with respect to the matters alleged herein and were fiduciaries of the Plan within the meaning of 29 U.S.C. § 1002(21)(A).

11. Plaintiff is a resident of California, was previously employed by Clorox in California, and is a current participant of the Plan whose account has been charged with a share of the Plan's administrative expenses.

12. The defendants sued by the fictitious names DOES 1 through 10, inclusive, are Plan fiduciaries unknown to Plaintiff who exercise or exercised discretionary authority or discretionary control respecting the management of the Plan, exercise or exercised authority or control respecting the management or disposition of its assets, or have or had discretionary authority or discretionary responsibility in the

1 administration of the Plan and are responsible or liable in some manner for the conduct alleged in the complaint. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13. As required by 29 U.S.C. § 1102(a)(1), the Clorox Plan is maintained under a written document.

14. In accordance with 29 U.S.C. § 1103(a), the assets of the Clorox Plan are held in a trust fund.

15. The Plan is funded by a combination of wage withholdings by Plan participants and Company matching and non-elective contributions, each of which is deposited into the Plan's trust fund.

16. Participants who contribute to the Plan receive a Company matching contribution of 100% of salary deferrals, up to a maximum of 4% of covered compensation.

17. Participants also receive a non-elective Company contribution in the amount of 6% of covered compensation.

18. Upon their deposit into the Plan's trust fund, all participant contributions and Company contributions become assets of the Plan.

19. As an individual account, defined contribution retirement plan, the Clorox Plan "provides for an individual account for each participant and for benefits solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeiture of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

20. Participants in the Clorox Plan are immediately vested in their own contributions and the Company's matching contributions, along with any income or losses on those balances.

21. The Company's non-elective contributions, plus any income or losses on those balances, vest in varying rates over a period of 5 years.

22. When a participant has a break in service prior to full vesting of the Company's non-elective contributions, the participant forfeits the balance of unvested Company contributions in his or her individual account and Defendants, as the Plan's fiduciaries, exercise discretionary authority and control over how these Plan assets (called "forfeitures") are thereafter reallocated.

23. The Plan incurs expenses for general Plan administrative services such as legal, accounting, and/or recordkeeping services. To pay for these expenses, an annual fee is charged to Plan participants and deducted from their accounts. This annual fee is prorated and deducted on a quarterly basis.

24. The deduction of these administrative expenses from participant accounts reduces the funds available to participants for distribution and/or investing and deprives the Plan of funds that otherwise would have been earned on the amounts deducted.

25. At the discretion of Defendants in their fiduciary capacity, forfeitures may be used to either pay the Plan's expenses or reduce the Company's contributions to the Plan. Which of these options would be in the best interests of participants depends on the particular facts and circumstances present at the time of the allocation decision.

26. Using the forfeitures to reduce employer contributions is always in the best interest of Clorox because that option would decrease the Company's own contribution costs. This option might also be in the best interests of participants where there is a risk that Clorox may be financially unable to satisfy its contribution obligations.

///

27. Absent a risk that Clorox would be unable to satisfy its contribution obligations, using forfeitures to pay Plan expenses would be in the participants' best interest because that option would reduce or eliminate amounts otherwise charged to their accounts to cover such expenses.

28. In deciding between using forfeitures to benefit Clorox or using forfeitures to benefit the participants, Defendants are presented with a conflict of interest in administering the Plan and managing and disposing of its assets.

29. Despite the conflict of interest presented by this decision, Defendants failed to undertake any investigation into which option was in the best interest of the Plan's participants and beneficiaries.

30. Defendants did not, for example, investigate whether there was a risk that Clorox would be unable to satisfy its contribution obligations if forfeitures were used to pay Plan expenses, or evaluate whether there were sufficient forfeitures to eliminate the Plan expenses charged to participants and still offset a portion of Clorox's own contribution obligations, as a prudent person would have done.

31. Defendants also failed to consult with an independent non-conflicted decisionmaker to advise them in deciding upon the best course of action for allocating the forfeitures in the Plan, as a prudent person would have done.

32. Although ERISA requires fiduciaries to manage the Plan's assets solely in the interest of participants and although the Plan grants Defendants discretion to use forfeitures to pay Plan expenses, thereby reducing or eliminating the amounts charged to participant accounts to cover such expenses, Defendants have consistently declined to use any of these Plan assets for such purpose during the putative class period.

FIRST AMENDED CLASS ACTION COMPLAINT

33. Instead, Defendants have consistently chosen to utilize the forfeited funds in the Plan exclusively for the Company's own benefit, to the detriment of the Plan and its participants, by using these Plan assets solely to reduce Company contributions to the Plan.

34. For each year of the putative class period, Clorox had sufficient cash and equivalents on hand to satisfy its contribution obligations to the Plan. Nevertheless, throughout that period, Defendants consistently based the decision of how to allocate forfeitures solely on Clorox's own self-interests and failed to consider the interests of the Plan and its participants.

35. In 2017, Company non-elective contributions to the Plan were reduced by $1,023,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay any part of the $635,067 in Plan expenses deducted from participant accounts.

36. In 2018, Company non-elective contributions to the Plan were reduced by $700,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay any part of the $958,497 in Plan expenses deducted from participant accounts.

37. In 2019, Company non-elective contributions to the Plan were reduced by $1,181,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay any part of the $1,143,682 in Plan expenses deducted from participant accounts.

38. In 2020, Company non-elective contributions to the Plan were reduced by $650,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay

any part of the $1,160,889 in Plan expenses deducted from participant accounts.

39. In 2021, Company non-elective contributions to the Plan were reduced by $840,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay any part of the $1,266,666 in Plan expenses deducted from participant accounts.

40. In 2022, Company non-elective contributions to the Plan were reduced by $1,315,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay any part of the $1,273,494 in Plan expenses deducted from participant accounts.

41. In 2023, Company non-elective contributions to the Plan were reduced by $1,000,000 because of Defendants' decision to reallocate all forfeitures to benefit the Company, and no forfeitures were used to pay any part of the $1,284,990 in Plan expenses deducted from participant accounts.

42. While Defendants' decisions to reallocate all forfeitures in the Plan to reduce Company non-elective contributions to the Plan benefitted Clorox by reducing its own contribution expenses, it harmed the Plan, along with its participants and beneficiaries, by reducing the amount of Company non-elective contributions that Clorox promised to make to the Plan and by causing participants to incur deductions from their individual accounts each year to cover expenses that could have been covered in whole or in part by forfeitures.

## **CLASS ACTION ALLEGATIONS**

43. 29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the

Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

44. In acting in this representative capacity and to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to direct individual actions on behalf of the Plan under 29 U.S.C. § 1132(a)(2), Plaintiff seeks to certify this action as a class action on behalf of all Clorox Plan participants and beneficiaries. Plaintiff seeks to certify the following class:

> All participants and beneficiaries of the Clorox Plan from October 18, 2017 through the date of judgment, excluding Defendants and members of the Committee of the Clorox Plan.

45. This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons:

   a. The class includes over 9,000 members and is so large that joinder of all its members is impracticable.

   b. There are questions of law and fact common to the class because Defendants owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions alleged herein as to the Plan and not as to any individual participant. Thus, common questions of law and fact include the following, without limitation: Who are the fiduciaries liable for the remedies provided by 29 U.S.C. § 1109(a)? Did the fiduciaries of the Plan breach their fiduciary duties to the Plan with respect to their management and allocation of Plan assets? What are the losses to the Plan resulting from each alleged breach of ERISA? What Plan-wide equitable and other relief should the Court impose to remedy Defendants' alleged breaches?

///

   c. Plaintiff's claims are typical of the claims of the class because Plaintiff was a participant of the Plan during the class period and all participants in the Plan were harmed by the same alleged misconduct by Defendants.

   d. Plaintiff is an adequate representative of the class because he was a participant of the plan during the class period, has no interests that conflict with any other members of the class, is committed to the vigorous representation of the class, and has engaged experienced and competent attorneys to represent the class.

   e. Prosecution of separate actions for these breaches of fiduciary duties by individual participants and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (B) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties, and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests. Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

  46. A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and impracticable for individual members to enforce their rights through individual actions, and the common questions of law and fact predominate over individual

FIRST AMENDED CLASS ACTION COMPLAINT

10

questions. Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter, and Plaintiff is aware of no difficulties likely to be encountered in the management of this matter as a class action. Alternatively, then, this action may be certified as a class under Rule 23(b)(3) if it is not certified under Rule 23(b)(1)(A) or (B).

47. Plaintiff's counsel, Hayes Pawlenko LLP, will fairly and adequately represent the interests of the class and is best able to represent the interests of the class under Rule 23(g).

# FIRST CLAIM
## BREACH OF FIDUCIARY DUTY OF LOYALTY
## (29 U.S.C. § 1104(a)(1)(A))

48. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49. Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties to the Clorox Plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

50. Defendants have continually breached this duty of loyalty with respect to their control and management of the Plan's assets throughout the class period by choosing to use forfeitures in the Plan for the benefit of the Company rather than solely in the interest of the participants and beneficiaries.

51. Instead of acting solely in the interest of Plan participants by using forfeitures in the Plan to reduce or eliminate the administrative expenses charged to their individual accounts, Defendants chose to use

these Plan assets for the exclusive purpose of reducing Clorox's non-elective contributions to the Plan, thereby saving the Company millions of dollars at the expense of the Plan, which received fewer non-elective contributions than Clorox promised to pay the Plan, and its participants and beneficiaries, who were forced to incur avoidable expense deductions to their individual accounts.

52. In making this decision, Defendants had a conflict of interest and were motivated primarily or exclusively by Clorox's own self-interest rather than the interests of the Plan's participants and beneficiaries, which Defendants failed to consider.

53. As a direct and proximate result of Defendants' fiduciary breaches described herein, the Plan suffered injury and loss for which they are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duty of loyalty.

54. Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## SECOND CLAIM
## BREACH OF FIDUCIARY DUTY OF PRUDENCE
## (29 U.S.C. § 1104(a)(1)(B))

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this

FIRST AMENDED CLASS ACTION COMPLAINT

12

Complaint as though fully set forth herein.

56. Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendants were required to discharge their duties with respect to the Clorox Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

57. Defendants have continuously breached their duty of prudence under 29 U.S.C. § 1104(a)(1)(B) throughout the class period by declining to use forfeitures in the Plan to reduce or eliminate the administrative expenses charged to participant accounts and instead using such Plan assets to reduce the amount of non-elective contributions Clorox promised to make to the Plan.

58. In deciding how to allocate forfeitures, Defendants utilized an imprudent and flawed process. Despite the conflict of interest presented by this decision, Defendants failed to undertake any reasoned and impartial decision-making process to determine whether using forfeitures in the Plan to reduce the Company's own contribution expenses, as opposed to the administrative expenses charged to participant accounts, was in the best interest of the Plan's participants or was prudent, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

59. In making this decision, Defendants had a conflict of interest and were motivated primarily or exclusively by Clorox's own self-interest rather than the interests of the Plan's participants and beneficiaries.

60. By declining to use forfeitures in the Plan to reduce or eliminate the administrative expenses charged to participant accounts,

and instead using such Plan assets to reduce the Company's own contribution expenses, Defendants caused the Plan to receive fewer contributions that would otherwise have increased Plan assets and caused participants to incur expense deductions from their individual accounts that would otherwise have been covered in whole or in part by forfeitures.

61. As a direct and proximate result of Defendants' fiduciary breaches described herein, the Plan suffered injury and loss for which Defendants are personally liable and are subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duty of prudence.

62. Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge it own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

## **PRAYER FOR RELIEF**

For these reasons, Plaintiff, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully requests that the Court:

- find and declare that Defendants have breached their fiduciary duties as described above;
- find and adjudge that Defendants are personally liable to make good to the Plan all losses to the Plan resulting from Defendants' breach of fiduciary duties, and to otherwise

FIRST AMENDED CLASS ACTION COMPLAINT

14

restore the Plan to the position it would have occupied but for Defendants' breach of fiduciary duties;

- order the disgorgement of all assets and profits secured by Defendants as a result of Defendants' breach of fiduciary duties;
- determine the method by which Plan losses under 29 U.S.C. § 1109 should be calculated;
- order Defendants to provide all accounting necessary to determine the amounts Defendants must make good to the Plan under 29 U.S.C. § 1109(a);
- surcharge against Defendants and in favor of the Plan all amounts determined by such accounting;
- remove the fiduciaries who have breached their fiduciary duties and enjoin them from future ERISA violations;
- certify the class, appoint Plaintiff as a class representative, and appoint Hayes Pawlenko LLP as class counsel;
- award to Plaintiff and the class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the common fund doctrine;
- order the payment of interest to the extent it is allowed by law; and
- grant other equitable or remedial relief as the Court deems appropriate.

DATED: November 12, 2024                **HAYES PAWLENKO LLP**

By:/s/Kye D. Pawlenko
Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

15