**HAYES PAWLENKO LLP**
Matthew B. Hayes (SBN 220639)
Kye D. Pawlenko (SBN 221475)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Suite 2B
South Pasadena, CA 91030
Tel: (626) 808-4357
Fax: (626) 921-4932

Attorneys for Plaintiff
JAMES MCMANUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES MCMANUS, individually and as a representative of a class of participants and beneficiaries on behalf of The Clorox Company 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY; THE EMPLOYEE BENEFITS COMMITTEE OF THE CLOROX COMPANY 401(K) PLAN; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 4:23-cv-05325-YGR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: February 11, 2025<br>Time: 2:00 p.m.<br>Courtroom: 1 |

**TABLE OF CONTENTS**

INTRODUCTION 1

STATEMENT OF FACTS 2

STATEMENT OF ISSUES TO BE DECIDED 4

ARGUMENT 4

I. Plaintiff has Plausibly Alleged a Breach of Fiduciary Duty. 4
   A. Defendants Failed to Act "Solely" in the Interest of Participants. 5
   B. Defendants Failed to Act Prudently. 7

II. Defendants' Implausibility Arguments are Meritless. 9
   A. Plaintiff does *not* Argue that ERISA Requires Forfeiture to be Used to Pay Plan Expenses or Forbids Forfeitures to be Used to Reduce Employer Contributions. 9
   B. Fiduciaries *do* Have a Duty to Maximize Retirement Savings When Managing Plan Assets. 10
   C. ERISA Requires Fiduciaries to Act *Both* Solely in the Interest of Participants *and* for the Exclusive Purpose of Providing Benefits and Defraying Expenses. 12

CONCLUSION 14

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Brain*,
    910 F.3d 502 (9th Cir. 2018) ............................................................. 10

*A.F. v. Providence Health Plan*,
    173 F. Supp. 3d 1061 (D. Or. 2016) ................................................... 6

*Bafford v. Northrop Grumman Corp.*,
    994 F.3d 1020 (9th Cir. 2021) ........................................................... 4

*Barker v. Am. Mobil Power Corp.*,
    64 F.3d 1397 (9th Cir. 1995) ........................................................... 1, 5

*Bins v. Exxon Co. U.S.A.*,
    220 F.3d 1042 (9th Cir. 2000) (en banc) ........................................... 5

*Blankenship v. Boyle*,
    329 F. Supp. 1089 (D.D.C. 1971) ..................................................... 10

*Chea v. Lite Star ESOP Committee*,
    2024 WL 4357002 (E.D. Cal. Sep. 30, 2024) ................................... 8

*Collins v. Pension & Ins. Comm.*,
    144 F.3d 1279 (9th Cir. 1998) ......................................................... 11

*Concha v. London*,
    62 F.3d 1493 (9th Cir. 1995) ........................................................... 5

*Crowhurst v. Cal. Inst. of Tech.*,
    1999 WL 1027033 (C.D. Cal. July 1, 1999) ................................... 8, 14

*Fifth Third Bankcorp v. Dudenhoeffer*,
    573 U.S. 409 (2014) ................................................................... 5, 10, 11

*Foltz v. U.S. News & World Report, Inc.*,
    865 F.2d 364 (D.C. Cir. 1989) ......................................................... 12

*Gamino v. KPC Healthcare Holdings, Inc.*,
    2021 WL 162643 (C.D. Cal. Jan. 15, 2021) ..................................... 8

*Howard v. Shay*,
    100 F.3d 1484 (9th Cir. 1996) ......................................................... 7-8

*Hughes Aircraft Co. v. Jacobson*,
    525 U.S. 432 (1999) ............................................................................................... 13-14

*Jicarilla Apache Nation v. U.S.*,
    100 Fed. Cl. 726 (Fed. Cl. 2011) .................................................................................. 10

*Johnson v. Couturier*,
    572 F.3d 1067 (9th Cir. 2009) ........................................................................................ 5

*Lauderdale v. NFP Ret., Inc.*,
    2024 WL 751005 (C.D. Cal. Feb. 23, 2024) .................................................................. 6

*Leigh v. Engle*,
    727 F.2d 113 (7th Cir. 1984) .......................................................................................... 8

*Mills v. Molina Healthcare, Inc.*,
    694 F. Supp. 3d 1272 (C.D. Cal. 2023) .......................................................................... 8

*Morse v. Stanley*,
    732 F.2d 1139 (2d Cir. 1984) ....................................................................................... 14

*Naylor v. BAE Systems, Inc.*,
    2024 WL 4112322 (E.D. Va. Sept. 5, 2024) ................................................................... 3

*Pegram v. Herdrich*,
    530 U.S. 211 (2000) .................................................................................................... 5-6

*Peralta v. Hispanic Bus., Inc.*,
    419 F.3d 1064 (9th Cir. 2005) ........................................................................................ 5

*Perez-Cruet v. Qualcomm Inc.*,
    2024 WL 2702207 (S.D. Cal. May 24, 2024) ................................................................ 7

*Pilkington PLC v. Perelman*,
    72 F.3d 1396 (9th Cir. 1995) ................................................................................ 6, 7, 13

*Rodriguez v. Intuit Inc.*,
    2024 WL 3755367 (N.D. Cal. Aug. 12, 2024) ............................................................ 7, 9

*Rozo v. Principal Life Ins. Co.*,
    48 F.4th 589 (8th Cir. 2022) ..................................................................................... 11-12

*Terraza v. Safeway Inc.*,
    241 F. Supp. 3d 1057 (N.D. Cal. 2017) ...................................................................... 5, 7

*Tibble v. Edison Int'l,*
    575 U.S. 523 (2015) .......................................................................................................... 10

*Tibble v. Edison Int'l,*
    843 F.3d 1187 (9th Cir. 2016) .......................................................................................... 7

*Tibble v. Edison Int'l,*
    2010 WL 2757153 (C.D. Cal. July 8, 2010) ..................................................................... 6

*Waller v. Blue Cross of Cal.,*
    32 F.3d 1337 (9th Cir. 1994) ............................................................................................ 7

*Walsh v. Allen,*
    2022 WL 256312 (W.D. Ky. Jan. 26, 2022) ..................................................................... 3

*White v. Chevron Corp.,*
    2016 WL 4502808 (N.D. Cal. Aug. 29, 2016) ................................................................ 13

*Wright v. Or. Metallurgical Corp.,*
    360 F.3d 1090 (9th Cir. 2004) ........................................................................................ 11

**Statutes**

29 U.S.C. § 1104 ........................................................................................................ 5, 11, 12

**Regulations**

29 C.F.R. § 2509.75-8 ........................................................................................................... 9

## INTRODUCTION

The Court need answer only a single question to resolve the instant motion to dismiss: *When* a 401(k) plan allows a fiduciary to decide among a menu of options for allocating plan assets, must the fiduciary endeavor to choose the option that best serves the participants' interests, or may it instead choose the option that best serves its own self-interests? Plaintiff's position is that, *when presented with such a choice*, the fiduciary duties at the core of the Employee Retirement Income Security Act ("ERISA") require the fiduciary to put aside its own self-interests and try to choose the option that is in the participants' best interests. *See Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995) ("A fiduciary has a duty to act in the best interests of the plan participants and beneficiaries.").

The plan here presents Clorox with such a choice when allocating forfeitures. Unlike other plans, the Clorox plan does not require that forfeitures be allocated toward a single use or even specify the order in which forfeitures must be allocated among several permissible uses. Instead, the plan permits forfeitures to be used to pay plan expenses and/or to reduce employer contributions, *as determined by Clorox in its discretion*. Everyone agrees that participant account balances would have been greater had forfeitures been used to pay plan expenses. Yet, year in and year out, Clorox invariably opted to use *all* forfeitures to reduce its own contributions instead.

To be sure, nothing in ERISA requires that a plan be designed to make forfeitures available to pay plan expenses. Nor must a plan be designed to make the allocation of forfeitures a discretionary and, therefore, fiduciary decision. But where, as here, the plan *does* make forfeitures available for paying plan expenses and the fiduciary entrusted with discretion to allocate forfeitures has an incentive to choose another available use, ERISA requires the fiduciary to eschew its own self-interests and endeavor to choose the best use for participants. Because Plaintiff alleges that Clorox's forfeiture allocation decisions were driven by its own self-interests, Plaintiff has plausibly alleged that Clorox breached its fiduciary duties.

## STATEMENT OF FACTS

Plaintiff James McManus ("Plaintiff") is a participant in The Clorox Company 401(k) Plan ("Plan" or "Clorox Plan") whose account has been charged with a share of the Plan's administrative expenses. FAC ¶ 11. The Plan is a defined contribution plan sponsored by defendant The Clorox Company ("Clorox"). *Id.* ¶¶ 6, 8.

The Plan incurs expenses for general administrative services such as legal, accounting, and recordkeeping services. *Id.* ¶ 23. To pay for these expenses, an annual fee is charged to participants and deducted from their individual accounts. *Id.* The deduction of these expenses reduces the funds available to participants for distribution and/or investing and deprives the Plan of the returns that it would have earned on the amounts deducted. *Id.* ¶ 24.

The Plan requires Clorox to make an annual "Non-Elective Employer Contribution" to the Plan on behalf of each eligible participant equal to 6% of the participant's yearly compensation. Plan Doc. MTD021 (§ 5.06). Unless an exception applies, participants do not fully vest in these contributions until they have completed five years of service. *Id.* MTD029 (§ 8.01(b)).

Participants who separate from service before these contributions fully vest forfeit their right to the unvested contributions. *Id.* MTD030 (§ 8.02(a)). What happens to the forfeitures is then up to defendant the Employee Benefits Committee of The Clorox Company 401(k) Plan ("Committee"), which is appointed by Clorox's Board of Directors and if no appointment is made, is Clorox. *Id.* MTD045 (§ 15.01). The Plan provides that forfeitures "will be used, as determined by the Committee in its sole discretion, to pay Plan expenses, to reduce contributions to the Plan and to restore forfeitures." *Id.* MTD030 (§ 8.02(a)(i)).[1]

---

[1] As the Court noted, "[t]he Plan document lays out further procedures to follow when restoring previous forfeitures," but those procedures are not relevant here because no previous forfeitures were restored during the class period. MTD Order 7.

Unlike other plans, the Clorox Plan does not specify which allocation should take priority but instead leaves it to the discretion of Clorox acting by and through the Committee (together, "Defendants"). *Compare, e.g., Naylor v. BAE Systems, Inc.*, 2024 WL 4112322, at *6 (E.D. Va. Sept. 5, 2024) (addressing plan forfeiture provision that "*requires*, without any discretion reserved to the [administrator], that forfeitures be directed toward restoring employer contributions for returning employees and offsetting [employer] contributions") (emphasis in original), *with Walsh v. Allen*, 2022 WL 256312, at *3-4 (W.D. Ky. Jan. 26, 2022) (addressing plan terms mandating that "[f]orfeitures will be used to pay Plan expenses").

In deciding between using forfeitures to reduce employer contributions or pay Plan expenses, Defendants have a conflict of interest with the Plan's participants. FAC ¶¶ 26-28. On the one hand, Defendants have an incentive to use forfeitures to offset Clorox's contributions because that option saves the company money. *Id.* ¶ 26. On the other hand, absent a risk that Clorox would be unable to satisfy its contribution obligations, the Plan's participants would be better served by using forfeitures to pay Plan expenses because that option would reduce or eliminate the amounts otherwise charged to their accounts to cover such expenses. *Id.* ¶ 27.

Despite the conflict of interest presented by this decision, Defendants failed to undertake any investigation into which option would better serve the participants. *Id.* ¶ 29. Defendants did not, for example, investigate whether there was a risk that Clorox would be unable to satisfy its contribution obligations if forfeitures were used to pay Plan expenses, or evaluate whether there were sufficient forfeitures to eliminate the Plan expenses charged to participants' accounts and still offset a portion of Clorox's contributions. *Id.* ¶ 30. Nor did Defendants consult with an independent non-conflicted decisionmaker to advise them in deciding upon the best course of action for allocating forfeitures. *Id.* ¶ 31. Instead, year after year, Defendants reflexively chose to use all forfeitures to reduce the amount of contributions Clorox was contractually obligated to pay to the Plan. *Id.* ¶¶ 32-33.

| YEAR | CONTRIBUTIONS REDUCED BY FORFEITURES | EXPENSES DEFRAYED BY FORFEITURES | EXPENSES CHARGED TO PARTICIPANTS |
|---|---|---|---|
| 2017 | $1,023,000 | $0 | $635,067 |
| 2018 | $700,000 | $0 | $958,497 |
| 2019 | $1,181,000 | $0 | $1,143,682 |
| 2020 | $650,000 | $0 | $1,160,889 |
| 2021 | $840,000 | $0 | $1,266,666 |
| 2022 | $1,315,000 | $0 | $1,273,494 |
| 2023 | $1,000,000 | $0 | $1,284,990 |

*Id.* ¶¶ 35-41.

Defendants based their forfeiture allocation decisions solely on Clorox's own self-interests and failed to consider the interests of the Plan's participants. *Id.* ¶ 34.

## STATEMENT OF ISSUES TO BE DECIDED

*When* a 401(k) plan allows a fiduciary to choose how to allocate plan assets, does ERISA require the fiduciary to endeavor to choose the best allocation for participants or is the fiduciary free to choose any permissible allocation including one motivated by its own self-interests?

## ARGUMENT

**I.     Plaintiff has Plausibly Alleged a Breach of Fiduciary Duty.**

"To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021). The Court has already found that Defendants acted as a fiduciary when allocating forfeitures. MTD Order 5-8. Because Defendants do not contest Plaintiff's damages allegations, the only remaining issue is whether Plaintiff has plausibly alleged that, in deciding how to allocate forfeitures, Defendants breached their fiduciary duties.

4

ERISA requires fiduciaries to discharge their duties "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). ERISA also "imposes a 'prudent person' standard by which to measure fiduciaries' investment decisions and disposition of assets." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 419 (2014) (citation omitted); 29 U.S.C. § 1104(a)(1)(B). These duties require that fiduciaries "act in the best interests of the plan participants and beneficiaries." *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995). They are "the highest known to the law." *Johnson v. Couturier*, 572 F.3d 1067, 1077 (9th Cir. 2009).

"To state a claim for breach of fiduciary duty, a complaint does not need to contain factual allegations that refer directly to the fiduciary's knowledge, methods, or investigations at the relevant times." *Terraza v. Safeway Inc.,* 241 F. Supp. 3d 1057, 1070 (N.D. Cal. 2017). This is because, "[w]here," as here, "a fiduciary exercises discretionary control over a plan, and assumes the responsibilities that this control entails, the victim of his misconduct will not, at the time he files his complaint, be in a position to describe with particularity the events constituting the alleged misconduct." *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995). The allegations are sufficient so long as "the court may be able to reasonably infer from the circumstantial factual allegations that the fiduciary's decision-making process was flawed." *Terraza*, 241 F. Supp. 3d at 1070.

### A. Defendants Failed to Act "Solely" in the Interest of Participants.

"The statute places a core obligation on an ERISA fiduciary to 'discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries.'" *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1071 (9th Cir. 2005) (quoting 29 U.S.C. § 1104(a)(1)); *see also Bins v. Exxon Co. U.S.A.*, 220 F.3d 1042, 1048 (9th Cir. 2000) (en banc) ("The core obligation of an ERISA fiduciary is to" act "solely" in the interest of participants and beneficiaries). While a decision "made solely to benefit" the fiduciary would, of course, violate this core obligation, "the fiduciary standard condemns far more than that, in its requirement of 'an eye single'

5

toward beneficiaries' interests." *Pegram v. Herdrich*, 530 U.S. 211, 235 (2000). Fiduciaries must have "complete loyalty to the interests of the beneficiary" and "exclude all selfish interest and all considerations of the interests of third persons." *Id.* at 224.

For this reason, "conflicts of interest can violate ERISA's loyalty requirement." *Pilkington PLC v. Perelman*, 72 F.3d 1396, 1401 (9th Cir. 1995). Whether they do turns on the subjective "motivation" for the fiduciary's decision. *Id.* at 1401-02; *see also Lauderdale v. NFP Ret., Inc.*, 2024 WL 751005, at *23 (C.D. Cal. Feb. 23, 2024) ("When assessing whether a fiduciary has complied with ERISA's duty of loyalty, what matters is *why* the defendant acted as he did.") (emphasis in original); *Tibble v. Edison Int'l*, 2010 WL 2757153, at *24 n. 19 (C.D. Cal. July 8, 2010) ("[T]he duty of loyalty is primarily concerned with conflicts of interest; thus, a breach of that duty requires some showing that the fiduciaries' decisions were *motivated by* a desire to serve the interests of [others] over those of the beneficiaries.") (emphasis in original); *A.F. v. Providence Health Plan*, 173 F. Supp. 3d 1061, 1073 (D. Or. 2016) ("ERISA demands assessment of a conflicted decisionmaker's state of mind.") (quoting Peter J. Wiedenbeck, *ERISA in the Courts* 165 (Federal Judicial Center 2008)).

Here, Plaintiff alleges that "[i]nstead of acting solely in the interest of Plan participants by using forfeitures in the Plan to reduce or eliminate the administrative expenses charged to their individual accounts, Defendants chose to use these Plan assets for the exclusive purpose of reducing Clorox's non-elective contributions to the Plan, thereby saving the Company millions of dollars at the expense of the Plan, which received fewer non-elective contributions than Clorox promised to pay the Plan, and its participants and beneficiaries, who were forced to incur avoidable expense deductions to their individual accounts." FAC ¶ 51. Plaintiff further alleges that "[i]n making this decision," Defendants "were motivated primarily or exclusively by Clorox's own self-interest rather than the interest of the Plan's participants and beneficiaries, which Defendants failed to consider." *Id.* ¶ 52.

These allegations "plausibly suggest that" Defendants "breached their duty of loyalty" by making "Plan-related decisions that were not in the best interests of Plan participants." *Terraza*, 241 F. Supp. 3d at 1071. *See Rodriguez v. Intuit Inc.*, 2024 WL 3755367, at *5 (N.D. Cal. Aug. 12, 2024) ("The complaint plausibly alleges that Intuit acted in contravention of ERISA's mandate to provide benefits solely in the interest of participants and beneficiaries when it chose to use forfeitures to reduce its own contributions"); *Perez-Cruet v. Qualcomm Inc.,* 2024 WL 2702207, at *2 (S.D. Cal. May 24, 2024) ("Plaintiff plausibly claims that the Defendants breached their fiduciary duty to Plan participants by making a choice that put the employer's interests above the interests of the Plan participants.").

Because liability turns on Defendants' "state of mind" when making their forfeiture allocation decisions, this claim cannot be resolved on a motion to dismiss. *Pilkington*, 72 F.3d at 1042 ("By assessing appellees' state of mind, and finding appellants' claim of improper motivation 'unlikely,' the district court improperly resolved a contested issue of fact."); *Waller v. Blue Cross of Cal.*, 32 F.3d 1337, 1344 (9th Cir. 1994) (finding plaintiff stated a claim by alleging that employer "breached its fiduciary duty by choosing annuity providers using an infirm bidding process that sacrificed participants' and beneficiaries' best interests to maximize the reversion of residual plan assets" to the employer).

### B. Defendants Failed to Act Prudently.

"An ERISA fiduciary must discharge his responsibility 'with the care, skill, prudence, and diligence' that a prudent person 'acting in a like capacity and familiar with such matters' would use." *Tibble v. Edison Int'l*, 843 F.3d 1187, 1197 (9th Cir. 2016) (citation omitted). In evaluating prudence, "the court focuses not only on the merits of the transaction, but also on the thoroughness of the investigation into the merits of the transaction." *Id.* (citation omitted). "When it is 'possible to question the fiduciaries' loyalty, they are obliged at a minimum to engage in an intensive and scrupulous independent investigation of their options to insure that they act in the

7

best interests of the plan beneficiaries." *Howard v. Shay*, 100 F.3d 1484, 1488–89 (9th Cir. 1996) (quoting *Leigh v. Engle*, 727 F.2d 113, 125-26 (7th Cir. 1984)). "Where the potential for conflicts is substantial, it may be virtually impossible for fiduciaries to discharge their duties with an 'eye single' to the interests of the beneficiaries, and the fiduciaries may need to step aside, at least temporarily, from the management of assets where they face potentially conflicting interests." *Leigh*, 727 F.2d at 125.

Thus, when "an employer-fiduciary is faced with a decision on behalf of a plan, and has a self-interest at stake, the conduct of that fiduciary is 'rigorously scrutinized' by the courts." *Crowhurst v. Cal. Inst. of Tech.*, 1999 WL 1027033, at *17 (C.D. Cal. July 1, 1999), *aff'd*, 11 F. App'x 827 (9th Cir. 2001) (quoting *Cunha v. Ward Foods, Inc.,* 804 F.2d 1418, 1432 (9th Cir.1986)). "The prudence inquiry is fact intensive. And, because it involves the application of a reasonableness standard, rarely will such a determination be appropriate" prior to trial. *Mills v. Molina Healthcare, Inc.*, 694 F. Supp. 3d 1272, 1285 (C.D. Cal. 2023) (citation omitted).

Moreover, because "facts detailing the investigative process are likely within the sole control of" the defendant, "an ERISA plaintiff alleging breach of fiduciary duty does not need to plead details to which she has no access." *Gamino v. KPC Healthcare Holdings, Inc.,* 2021 WL 162643, at *3 (C.D. Cal. Jan. 15, 2021) (internal quotation marks omitted). "Rather it is enough to allege facts" that "support an inference that the defendant failed to conduct an adequate inquiry." *Id.; Chea v. Lite Star ESOP Committee,* 2024 WL 4357002, at *4 (E.D. Cal. Sep. 30, 2024) (same).

Here, Plaintiff alleges that "[i]n deciding how to allocate forfeitures, Defendants utilized an imprudent and flawed process." FAC ¶ 58. "Despite the conflict of interest presented by this decision," Plaintiff alleges that "Defendants failed to undertake any reasoned and impartial decision-making process to determine whether using forfeitures in the Plan to reduce the Company's own contribution expenses, as opposed to the administrative expenses charged to participant accounts, was in the best interest of the Plan's participants or was prudent, and failed to

consider whether participants would be better served by another use of these Plan assets after considering all relevant factors." *Id.*; *see also id.* ¶¶ 29-31 (detailing actions not undertaken). These allegations state a plausible prudence claim. *See Rodriguez*, 2024 WL 3755367, at *7 (Allegations "that a prudent employer in this particular context would have at minimum engaged in a 'reasoned and impartial decision-making process' considering 'all relevant factors' before determining how to use the forfeited funds in the best interest of the participants and beneficiaries" sufficiently "stated a plausible claim for breach of the duty of prudence.").

## II. Defendants' Implausibility Arguments are Meritless.

### A. Plaintiff does *not* Argue that ERISA Requires Forfeitures to be Used to Pay Plan Expenses or Forbids Forfeitures to be Used to Reduce Employer Contributions.

Defendants argue that Plaintiff's allegations are implausible because they would prohibit "what Congress and the Treasury Department have long understood analogous provisions in the Tax Code to permit since before ERISA's enactment." MTD 3. But Plaintiff's allegations do not sweep so broadly. The Tax Code is concerned with a plan's *design*, not fiduciary decision making. It permits a plan sponsor to design a plan which provides that forfeitures will be used to reduce employer contributions. Plaintiff does not contend that ERISA would prohibit a plan designed to use forfeitures for that purpose. Nor does Plaintiff contend that ERISA mandates plans be designed to use forfeitures to pay expenses. Indeed, a settlor could design a plan that removes the allocation of forfeitures from the administrator's fiduciary functions by requiring, without any discretion, that all forfeitures be used for a single purpose.[2]

---

[2] "[A] person who performs purely ministerial functions" that are "within a framework of policies, interpretations, rules, practices, and procedures made by other persons is not a fiduciary." 29 C.F.R. § 2509.75-8.

9
**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff's position is simply that where, as here, the Plan design gives a conflicted fiduciary complete discretion to choose between multiple uses for allocating forfeitures, ERISA requires the fiduciary to put its own interests aside and endeavor to pick the best use for participants. Nothing in the Tax Code purports to say otherwise. It is true that, *as Plan sponsor*, Defendants could amend the Plan to require that forfeitures be used to reduce Clorox's contributions. However, it does not follow that, *when acting as Plan fiduciary in administering the Clorox Plan*, Defendants could choose to use forfeitures to reduce Clorox's contributions when participants would be better served by using forfeitures to pay Plan expenses.

To be sure, ERISA permits Defendants to wear two hats. But it requires "that the fiduciary with two hats wear only one at a time, and wear the fiduciary hat *when making fiduciary decisions*." *Acosta v. Brain*, 910 F.3d 502, 517 (9th Cir. 2018) (emphasis in original). Defendants' forfeiture allocation decisions were fiduciary decisions. MTD Order 5-8. As such, Defendants could only wear their fiduciary hat.

### B. Fiduciaries *do* Have a Duty to Maximize Retirement Savings When Managing Plan Assets.

Defendants argue that they were under no obligation to choose the best forfeiture allocation option for participants because ERISA's fiduciary duties do not "require plan fiduciaries to 'maximize pecuniary benefits' enjoyed by participants." MTD 10. Defendants overlook Supreme Court precedent holding that ERISA fiduciaries must manage the plan to "maximize retirement savings for participants." *Fifth Third,* 573 U.S. at 420.[3]

---

[3] "[A]n ERISA fiduciary's duty is 'derived from the common law of trusts,'" *Tibble v. Edison Int'l,* 575 U.S. 523, 528-529 (2015), which has long held that a "fiduciary" has an "obligation to maximize the trust income by prudent investment" of its assets. *Blankenship v. Boyle,* 329 F. Supp. 1089, 1096 (D.D.C. 1971); *see also Jicarilla Apache Nation v. U.S.,* 100 Fed. Cl. 726, 739 (Fed. Cl. 2011) (Under "common law of trusts" a "fiduciary" is "charged with maximizing trust income" when "choosing among the alternative investments" that are "authorized").

Defendants rely on *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090 (9th Cir. 2004), but *Wright* did not hold that there is no duty to maximize participants' retirement savings when managing plan assets. *Wright* held only that the duty does not require fiduciaries to increase benefits in *violation* of the plan's express terms.

The issue in *Wright* was whether ERISA's fiduciary duties required the company "to amend the Plan to permit the participants to sell a higher percentage of employer securities allocated to their Plan accounts than the percentage permitted by the Plan's express terms." *Id.* at 1096. Absent such a plan amendment, selling more company stock "would have been in violation of the Plan's express terms." *Id.* at 1097. The Court held that the company was "under no legal obligation to deviate from those terms" because a fiduciary's duty to maximize pecuniary benefits for participants is not "exclusive" of the duty "to comply with a plan as written unless it is inconsistent with ERISA." *Id.* at 1100.

Unlike in *Wright*, Plaintiff is not arguing that ERISA's fiduciary duties required Defendants to deviate from the Plan's terms. Whereas the plaintiffs in *Wright* argued that ERISA's fiduciary duties required the company to permit them to sell more employer securities "in *violation* of the Plan's express terms," *id.* at 1097 (emphasis added), here Plaintiff argues only that Defendants should have used forfeitures to pay Plan expenses, an option the Plan expressly *allows*. Thus, unlike in *Wright*, there is no tension here between the fiduciary duty "to maximize retirement savings for participants," *Fifth Third*, 573 U.S. at 420, and the duty to follow the Plan's terms, 29 U.S.C. § 1104(a)(1)(D). *Wright's* statement that the former duty is not "exclusive" of the latter duty is simply not implicated here.

The other cases cited by Defendants are inapplicable for the same reason. In *Collins v. Pension & Insurance Committee of the Southern California Rock Products & Ready Mixed Concrete Associations,* 144 F.3d 1279, 1282 (9th Cir. 1998), the Court held that ERISA's fiduciary duties did not require the plan administrator to "amend the plan to increase benefits." In *Rozo v. Principal Life Insurance Company*, 48 F.4th

11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

589, 594, 598 (8th Cir. 2022), the Court affirmed the district court's finding that the fiduciary "set the best [interest rate] that it could for participants" and was under no obligation to deviate from that rate.  And in *Foltz v. U.S. News & World Report, Inc.,* 865 F.2d 364, 368, 370-74 (D.C. Cir. 1989), the Court held that ERISA's fiduciary duties did not require the fiduciary to calculate benefits using a formula that contravened an "explicit directive of the Plan document."  None of these cases purported to relieve a fiduciary of its obligation to maximize participants' retirement savings when deciding between *permissible* options for allocating Plan assets.

Accordingly, Defendants' statutory obligation to act prudently and "solely in the interest" of participants when discharging the fiduciary responsibility of deciding between authorized options for allocating Plan assets clearly required that they consider which option best served the participants' interests in maximizing their retirement savings.  Because Plaintiff has alleged facts indicating that this decision was not based on such considerations, the First Amended Complaint plausibly alleges claims for breach of fiduciary duty.

### C. ERISA Requires Fiduciaries to Act *Both* Solely in the Interest of Participants *and* for the Exclusive Purpose of Providing Benefits and Defraying Expenses.

Finally, Defendants argue that they complied with their fiduciary obligations because "they used forfeited employer contributions to 'provid[e] benefits to participants,' just as ERISA requires."  MTD 14 (quoting 29 U.S.C. § 1104(a)(1)(A)).  But that statute has two requirements.  It requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries *and* for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."  29 U.S.C. § 1104(a)(1)(A) (emphasis added).

The issue here is not whether Defendants violated the "exclusive purpose" requirement but whether they acted "solely in the interest of the participants" as the

12

statute *also* requires. Plaintiff does not allege that Defendants used forfeitures for an impermissible purpose. Instead, Plaintiff alleges that, in choosing between the available options for using forfeitures, Defendants were improperly motivated by Clorox's own self-interests rather than the best interests of participants. FAC ¶ 34.

For example, in *Pilkington PLC v. Perelman*, 72 F.3d 1396 (9th Cir. 1995), Revlon purchased an annuity contract from Executive Life to cover the retirement benefits it promised participants. There was no question that this act complied with ERISA's exclusive purpose requirement. The issue was whether Revlon acted solely in the participants' interest when it selected Executive Life as the annuity carrier. The plaintiffs argued that Revlon's loyalty was "brought into question by the financial reality of the Executive Life annuity purchase" because "[b]y purchasing the annuity contract from Executive Life, the lowest bidder by more than $13,000,000, more funds reverted to Revlon." *Id.* at 1401. The district court granted summary judgment to Revlon despite "strong evidence that reversion maximization figured prominently in Revlon's" decision. *Id.* However, the Ninth Circuit reversed because "the Revlon trustees' motivation may have deviated from that mandated by ERISA" insofar as there was evidence that "the trustees were motivated by economic self-interest." *Id.* at 1401-02.

So too here. Plaintiff alleges that in deciding to use forfeitures to reduce Clorox's contributions to the Plan, Defendants were motivated by Clorox's own self-interests rather than the interests of participants, which they failed to consider. FAC ¶ 52. That Defendants' chosen use of forfeitures was for a permissible purpose does not resolve whether the choice was made "with an eye single to the interests of the participants and beneficiaries." *White v. Chevron Corp.*, 2016 WL 4502808, at *4 (N.D. Cal. Aug. 29, 2016) (citation omitted).

Defendants' reliance on *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999), is misplaced. *Hughes* did not hold that a fiduciary may be motivated by its own self-interests when managing plan assets. *Hughes* held only that "the incidental benefits

13
**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

conferred upon Hughes when it amended the Plan are not impermissible under the statute." *Id.* at 445. In other words, "[i]t is no violation of a trustee's fiduciary duties to take a course of action *which reasonably best promotes the interest of plan participants* simply because it incidentally also benefits the corporation." *Morse v. Stanley*, 732 F.2d 1139, 1146 (2d Cir. 1984) (emphasis added). However, the "incidental benefit" must be "from conduct undertaken solely for the benefit of the participants and beneficiaries." *Crowhurst*, 1999 WL 1027033, at *17, *aff'd*, 11 F. App'x 827 (9th Cir. 2001). Here, Plaintiff alleges that Defendants' forfeiture allocation decisions were undertaken solely for the benefit of Clorox. FAC ¶ 34.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss Plaintiff's First Amended Complaint.

DATED: January 9, 2025    **HAYES PAWLENKO LLP**

　　　　　　　　　　　　　　　　　　 /s/Kye D. Pawlenko
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff