UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MCMANUS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE CLOROX COMPANY; THE EMPLOYEE BENEFITS COMMITTEE OF THE CLOROX COMPANY 401(K) PLAN; AND DOES 1 TO 10 INCLUSIVE,<br><br>  Defendants. | Case No.: 4:23-CV-05325-YGR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Re: Dkt. No. 48 |

Plaintiff James McManus, a participant in The Clorox Company 401(k) Plan (the "Plan"), brings this Employee Retirement Income Security Act ("ERISA") action on behalf of the Plan under 29 U.S.C. §§ 1132(a)(2) and (3), and Federal Rule of Civil Procedure 23 on behalf of beneficiaries of the Plan. Plaintiff brings his claims against defendants The Clorox Company ("Clorox") and The Employee Benefits Committee of the Clorox Company 401(k) Plan (the "Committee") for breach of ERISA's fiduciary duties.

**I.   BACKGROUND**

This case presents a novel interpretation of ERISA on which there is no binding authority. Reasonable minds can differ, and several district courts do. To summarize, several plaintiffs have recently challenged a practice by which retirement plan administrators use forfeited plan funds to reduce their own administrative expenses instead of offsetting administrative costs to plan participants.[1]

---

[1] *See, e.g., Hutchins v. HP Inc.*, 737 F. Supp. 3d 851 (N.D. Cal. 2024); *Rodriguez v. Intuit Inc.*, 2024 WL 3755367 (N.D. Cal. Aug. 12, 2024); *Perez-Cruet v. Qualcomm Inc.*, 2024 WL 2702207 (S.D. Cal. May 24, 2024).

1     As to this case, the Court assumes familiarity with its background.[2] This is defendants'
2  second motion to dismiss. The Court granted in part and denied in part defendant's first motion,
3  holding, as relevant, that plaintiff has standing but did not state any causes of action for which relief
4  could be granted. (*See* Dkt. No. 44 at 13.) The Court granted plaintiff leave to amend his complaint,
5  allowing plaintiff to amend his complaint for the limited purposes of (i) fleshing out a conflict-of-
6  interest argument (*id.* at 2; Dkt. No. 46 at 5:16-25; 6:10-17) or (ii) supplementing his dismissed
7  claims with specific facts. (Dkt. No. 44 at 13.) Plaintiff amended his complaint to pursue the
8  conflict-of-interest theory, and defendants moved to dismiss the first amended complaint ("FAC").
9  (Dkt. No. 48.)

10    Thus, plaintiff now alleges:

11    Defendants used forfeited Plan funds to reduce their own administrative expenses related to
12 the Plan, thus depriving the Plan of funds that otherwise would have benefitted plaintiff and other
13 participants. (FAC ¶¶ 22-24.) ERISA prohibits such a practice under the particular circumstances
14 present here. Specifically, when a plan document gives a fiduciary the discretion to choose between
15 using forfeitures to reduce employer contributions or pay plan expenses, and the plan document
16 does not specify which allocation should take priority, defendants have a conflict of interest with
17 the plan's participants. (*Id.* ¶¶ 26-28.) When such a conflict is present, fiduciaries have a duty to
18 investigate, confer with an impartial decision-maker, or decide in the interest of the plan
19 participants. (*Id.*¶¶ 29-31; Dkt. No. 49 at 5-6.) Defendants have failed to do so here, and therefore
20 have breached their fiduciary duties of loyalty and prudence under 29 U.S.C. sections
21 1104(a)(1)(A) and (B). (*Id.* ¶¶ 48-62.)

22    **II.    LEGAL FRAMEWORK**

23    To survive a Rule 12(b)(6) motion, plaintiffs must plead "only enough facts to state a claim
24 to relief that is plausible on its face" and to "nudg[e] their claims across the line from conceivable
25 to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not
26 contain detailed factual allegations, but it must provide more than "a formulaic recitation of the

---

[2] The Court incorporates into this Order the background, judicial notice, and incorporation by reference sections from its prior order granting in part and denying in part defendant's motion to dismiss plaintiff's initial complaint. (*See* Dkt. No. 44 at 1-3.)

2

elements of a cause of action." *Id.* at 555. A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Finally, "[d]ismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### III.  DISCUSSION

As noted, plaintiff proceeds under 29 U.S.C. § 1104(a)(1)(A) and (B) for breach of fiduciary duties of loyalty and prudence. (FAC ¶¶ 48-62.)

By statute, the duty of loyalty requires that the fiduciary act "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1). The duty of prudence requires fiduciaries to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; [] (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021). Here, defendants challenge the second prong arguing (i) plaintiff fails to plead new facts warranting dismissal with prejudice and (ii) plaintiff's claims are overly broad. (Dkt. No. 48 at 1.)[3]

---

[3] As previously ordered, defendants did not re-raise the issue of whether they acted as fiduciaries. The Court reaffirms its prior holding that defendants, while deciding how to use plan assets, acted as fiduciaries. (Dkt. No. 44 at 6-8.)

### A. New Factual Allegations

Defendants argue that the FAC lacks well-pleaded facts and is therefore conclusory.[4] To support the duty-of-loyalty portion of the claim, plaintiff now alleges that in "making this decision, Defendants had a conflict of interest and were motivated primarily or exclusively by Clorox's own self-interest rather than the interest of the Plan's participants and beneficiaries, which Defendants failed to consider." (FAC ¶ 52.) Plaintiff also adds more specific allegations regarding how defendants' practices harm plaintiff and plan participants. Plaintiff pleads:

> For each year of the putative class period, Clorox had sufficient cash and equivalents on hand to satisfy its contribution obligations to the Plan. Nevertheless, throughout that period, Defendants consistently based the decision of how to allocate forfeitures solely on Clorox's own self-interests and failed to consider the interests of the Plan and its participants.

(*Id.* ¶ 34.) Plaintiff also amends prior allegations to add specificity (new in italics):

> *25.* At the discretion of Defendants, forfeited nonvested accounts *in their fiduciary capacity*, forfeitures may be used to *either* pay the Plan's expenses or reduce the Company's contributions to the Plan. *Which of these options would be in the best interests of participants depends on the particular facts and circumstances present at the time of the allocation decision.*
>
> *41*5*1*. Instead of acting solely in the interest of Plan participants by ~~utilizing forfeited funds~~ *using forfeitures* in the Plan to reduce or eliminate the administrative expenses charged to their individual accounts, Defendants chose to use these Plan assets for the exclusive purpose of reducing ~~its own future~~ *Clorox's non-elective* contributions to the Plan, thereby saving the Company millions of dollars at the expense of the Plan, which received ~~decreased~~

---

[4] Defendants also argue that plaintiff's FAC arguments contradict his arguments in the initial complaint because there he argued that fiduciaries must always defray plan expenses, while his new theory allows that they may not in some circumstances. (Dkt. No. 50 at 8.) Defendants' argument does not persuade. Plaintiff's legal arguments are not contradictory and even if they were, plaintiff is allowed to make arguments in the alternative at the pleading stage. *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700-01 (9th Cir. 2021) ("In light of the liberal pleading policy embodied in [the Federal Rules of Civil Procedure] a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case, at least at the initial pleading stage.") (cleaned up).

> ~~Company~~ *fewer non-elective* contributions *than Clorox promised to pay the Plan*, and its participants and beneficiaries, who were forced to incur avoidable expense deductions to their individual accounts.

(FAC ¶¶ 25, 51.) In other words, defendants, after giving themselves discretion to do so as fiduciaries, used Plan assets to reduce Clorox's non-elective contributions to the Plan instead of reducing Plan participants' administrative costs. (*Id*.) In doing so, defendants were motivated by self-interest when allocating Plan forfeitures, which cost participants money in the form of administrative cost deductions from their individual accounts. (*Id.* ¶ 42, 52.)

"[C]onflicts of interest can violate ERISA's loyalty requirement." *Pilkington PLC v. Perelman*, 72 F.3d 1396, 1401 (9th Cir. 1995). Courts look to the motivation for a fiduciary's decision when analyzing ERISA breaches of loyalty. *Id.* at 1401-02; *see also Lauderdale v. NFP Ret., Inc.*, 2024 WL 751005, at *23 (C.D. Cal. Feb. 23, 2024) ("When assessing whether a fiduciary has complied with ERISA's duty of loyalty, what matters is *why* the defendant acted as he did.") (emphasis in original).

For the duty-of-prudence portion of the claim, plaintiff now pleads that "[i]n deciding how to allocate forfeitures, Defendants utilized an imprudent and flawed process." (FAC ¶ 58.) Plaintiff also adds the following allegations:

> 29. Despite the conflict of interest presented by this decision, Defendants failed to undertake any investigation into which option was in the best interest of the Plan's participants and beneficiaries.
>
> . . .
>
> 31. Defendants also failed to consult with an independent nonconflicted decisionmaker to advise them in deciding upon the best course of action for allocating the forfeitures in the Plan, as a prudent person would have done.

In evaluating the duty of prudence, "the court focuses not only on the merits of the transaction, but also on the thoroughness of the investigation into the merits of the transaction." *Tibble v. Edison Int'l*, 843 F.3d 1187, 1197 (9th Cir. 2016) (citation omitted). "When it is possible to question the fiduciaries' loyalty, they are obliged at a minimum to engage in an intensive and scrupulous

5

1    independent investigation of their options to insure that they act in the best interests of the plan
2    beneficiaries." *Howard v. Shay*, 100 F.3d 1484, 1488–89 (9th Cir. 1996) (cleaned up).

3        Based on the foregoing, plaintiff's new factual allegations, while sparse, "allow[] the court
4    to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See*
5    *Ashcroft* 556 U.S. at 678. Plaintiff's argument that defendants were motivated solely by self-
6    interest and conducted no reasoned and impartial decision-making process is plausible given that no
7    other justification is readily apparent. This is sufficient for the Court to infer that defendants are
8    liable for the misconduct alleged because courts look to motivation for loyalty claims and the
9    thoroughness of an investigation for prudence claims.[5]

10       Defendants counter that plaintiff's theory is not particularized because it would render
11   "nearly every plan" unlawful. (Dkt. No. 48 at 11.) This argument does not persuade. The fact that
12   plaintiff's theory applies to multiple defendants does not render it factually deficient. Defendants
13   also argue that plaintiff's claim is insufficient because defendant's practice does not run afoul of the
14   Plan document's language. (*Id.*) This argument similarly fails. As this Court previously held, a
15   fiduciary is not allowed to violate ERISA merely because language in a plan document allows it.
16   (Dkt. No. 44 at 9 (citing *Wright* 360 F.3d at 1100 ("ERISA requires fiduciaries to comply with a
17   plan as written unless it is inconsistent with ERISA.")).) Defendants' argument assumes there is no
18   fiduciary breach, which is yet to be decided. If there is a breach, then abiding by the Plan terms
19   cannot save defendants.

20       **B. Claim Breadth**

21       Next, defendants contend that plaintiff's new conflict-of-interest theory is impermissibly
22   broad for two reasons.

23       First, defendants argue that ERISA "does not create an exclusive duty to maximize
24   pecuniary benefits." (Dkt. No. 48 at 10 (citing *Wright*, 360 F.3d at 1100).) While the Court agrees
25   that there is no duty to maximize pecuniary benefits, the statute does require fiduciaries to act

---

[5] For clarity, facts may yet indicate that defendants did not breach their duty by shedding more light on defendants' motivations or processes for making the fiduciary decisions at issue. While the FAC is specific enough to survive a motion to dismiss, it is not specific enough to conclude that defendants' practices are unlawful.

"solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1); *see also Peralta v. Hispanic Bus., Inc.,* 419 F.3d 1064, 1071 (9th Cir. 2005) ("The statute places a core obligation on an ERISA fiduciary to 'discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries.").[6] Here, plaintiff does not necessarily seek to maximize pecuniary benefits. Plaintiff argues that defendants have delegated to themselves a choice to decide whether to allocate money to themselves or Plan participants. They are required, when choosing whether to allocate money to themselves or Plan participants, to allocate the money to participants because they are serving in a fiduciary capacity when making that decision. Such a requirement is consistent with the duty to act "solely in the interest of participants and beneficiaries." (FAC ¶ 1.) Therefore, plaintiff's claim is not a broad attempt to maximize pecuniary benefits, but to prohibit defendants from acting in their own interest at the cost of plan participants.

Second, defendants argue that if plaintiff's allegations are true, the Plan's discretion would be eliminated.\ Said differently, if a plan document were to provide fiduciaries with a choice of how to allocate forfeited employer contributions, ERISA's fiduciary obligations would automatically nullify that choice by requiring the fiduciaries to allocate forfeitures to pay plan expenses because that decision would maximize the benefits participants receive. (Dkt. No. 50 at 5.) The Court dismissed plaintiff's prior fiduciary breach claims under a similar theory because Supreme Court precedent requires that inquiries into fiduciary breach be context-specific. (Dkt. No. 44 at 10 (citing *Fifth Third Bankcorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014)).)[7]

---

[6] Further, *Wright* is distinguishable from this case. There, plaintiffs argued that fiduciary duties required the company to amend the plan to permit participants to sell more stock than the plan allowed. *Wright*, 360 F.3d 1095. Unlike that case, plaintiff here does not argue that defendants are required to act "in violation of the Plan's express terms" or modify the terms. *Id.* at 1097. Plaintiff alleges only that, because the Plan is set up in a way that allows a fiduciary to decide who saves money, that the fiduciary decide in favor of those it owes duties. In other words, plaintiff does not ask for more than what the Plan promised; he claims that the Plan, when read in conjunction with ERISA's fiduciary duty statutes, promises a particular outcome.

[7] Notably, the Supreme Court in *Dudenhoeffer* "limit[ed]" its "review to the duty-of-prudence claims." *Dudenhoeffer*, 573 U.S. at 413. Therefore, its application would not justify denying plaintiff's separate duty-of-loyalty claims.

Plaintiff's new theory, however, is sufficiently context-specific to survive a motion to dismiss under *Dudenhoeffer.* In that case, the Supreme Court focused on the information held by a fiduciary when making a decision. The Court rejected as implausible the plaintiff's broad allegation that "a fiduciary should have recognized from publicly available information alone that the market was over-or undervaluing" certain stock. *Dudenhoeffer*, 573 U.S. at 410. The Court, while remanding the case, observed that the plaintiff could potentially plead a sufficiently context-specific claim if it could "point[] to a special circumstance affecting the reliability of the market price" that might make the fiduciary's actions imprudent. *Id.* at 427.

Here, plaintiff pleads that defendants, when acting as fiduciaries by choosing how to allocate forfeited money in the Plan, made the imprudent decision of using the money to offset Clorox's contributions instead of saving plan participants the cost of administrative fees. Such an allegation is sufficiently specific, and therefore plausible for plaintiff's claim because defendants here, unlike those in *Dudenhoeffer*, had enough information to know whether their decision was prudent when making a fiduciary decision.[8] *See also Gamino v. KPC Healthcare Holdings, Inc.,* 2021 WL 162643, at *3 (C.D. Cal. Jan. 15, 2021) (Because "facts detailing the investigative process are likely within the sole control of" the defendant, "an ERISA plaintiff alleging breach of fiduciary duty does not need to plead details to which she has no access. Rather it is enough to allege facts" that "support an inference that the defendant failed to conduct an adequate inquiry.") (citing *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 678 (7th Cir. 2016); *Zavala v. Kruse-W.*, Inc., 398 F. Supp. 3d 731, 746 (E.D. Cal. 2019)). Therefore, plaintiff sufficiently pleads context-specific claims that defendants had enough information to know its decision was imprudent to meet the plausibility threshold.

---

[8] Therefore, authority for defendants' theory is lacking. Even if defendants' position were supported by caselaw, however, plaintiff identifies at least one circumstance in which defendants' actions would not be predetermined. It is possible that, when deciding how to use the funds, Clorox might not be able to not satisfy its contribution obligations if forfeitures were used to pay Plan expenses. (*See* FAC ¶ 30.) In such an event, it may be more prudent to use forfeitures to pay for expenses so defendants could meet their contribution obligations. Plaintiff argues that because defendants' actions are not always predetermined, they need some process or disinterested decision-maker to decide how to use forfeitures.

## IV. CONCLUSION

For the foregoing reasons, the Court rules that defendant's motion to dismiss plaintiff's first amended complaint is **DENIED.**

Defendant shall file an answer within twenty-one (21) days of this order. The Court sets a case management conference for April 14, 2025 at 2:00 p.m., via Zoom webinar video conference. The parties shall submit a Joint Case Management Statement by April 7, 2025.

This terminates Docket No. 48

**IT IS SO ORDERED**.

Date: March 3, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**